Burnham vs. Smith et al.

that a recovery could not be had under such circumstances. But whether these decisions rest upon sound reason and an enlightened public policy, I will not now undertake to say.

BURNHAM *vs.* SMITH et al.

APPEAL FROM COUNTY COURT, DANE COUNTY.

Heard February 21.]          [Decided May 9, 1860.

*Affidavit of Merits—New Trial—Agreement.*

Where a verbal agreement is made in relation to the trial of a cause by the counsel of the parties, and the stipulation is relied and acted on by any of the parties, the other will not be allowed to disregard it, and thereby obtain an unjust advantage, notwithstanding the rule requires all such agreements to be in writing.

An affidavit of merits, which avers that the defendant has *"stated his defense"* to counsel, &c., is insufficient; it should aver that he had "stated the case," &c.

A new trial will not be granted, on motion, without an affidavit of merits, filed with the motion.

The facts of this case are sufficiently stated in the opinion of the court.

*Carpenter & Sprague,* for the plaintiff.

*Welch & Lamb,* for the defendants.

*By the Court,* PAINE, J. This was an appeal from an order refusing a new trial. The action was brought to foreclose a mortgage, and an answer was filed, the nature of which does not appear in the papers brought here by the appeal, but which, it seems, was treated as forming an issue. A few days before the case was likely to be reached, in its

order for trial, the defendant, desiring to be absent a short time, his counsel obtained a verbal stipulation from the counsel of the plaintiff, that the cause should not be pressed for trial before his return. The defendant himself seemed to understand that it was not to be tried before the 10th of October, but he returned on the 6th, and on that day the cause was reached and tried, before the actual return of the defendant, however. When it was reached, his counsel stated the stipulation, and the counsel for the plaintiff admitted it to have been made, and requested the court to give it the same effect as though it had been in writing. But the court refused to regard it, and the trial proceeded to judgment. A motion for a new trial was made on affidavits setting forth these facts, which the court overruled, and from that order this appeal was taken.

There is room for doubt whether the court was right in refusing to give effect to the stipulation on the trial, although it was not in writing, as required by the rule. The object of that rule was to prevent disputes and uncertainties as to what was agreed upon. But here both counsel admitted the stipulation, which would seem to take it out of the reason, if not of the letter of the rule. But even conceding that the court was right in disregarding it upon the trial, we still think it was wrong in overruling the motion for a new trial, if the application was sufficient to show merits in the defense. We think it well established by the authorities, that although the rule requires stipulations to be in writing, in order to be binding, yet it was not designed to allow a party who had entered into a verbal stipulation, upon which his adversary had relied and acted, to obtain an unjust advantage, and destroy the other's rights, by disregarding it himself. 6 Cow., 385; 8 id., 119; *Montgomery vs. Ellis,* 6 How. Pr., 326; *Wager vs. Stickles,* 3 Paige, 407; *Turner vs. Burrows,* 1 Hill, 627. We think, therefore, assuming that the answer set up a

defense, and that a proper affidavit of merits was made, that the court should have granted a new trial, on showing that the defendant had acted on the verbal stipulation, and by reason thereof, failed to be prepared on the trial.

But here the answer does not appear. And the affidavit of merits, made by the defendant on his application for a new trial, is insufficient. It says he has stated " his defense " to his counsel, not that he has stated the case. We held, in *Mowry vs. Hill,* decided at this term, *supra,* 146, that an affidavit of merits should be filed on such applications. The practice is salutary, and tends to prevent litigation for delay merely. We held, also, that a sworn answer was not sufficient, because a party may be able to swear to an answer which alone would show a defense, and yet know that on the trial its effect might be entirely avoided by other facts. It is upon this reason that the authorities deny that it is sufficient in an affidavit of merits to state that the party has " stated his defense" to counsel. If he had stated the whole facts of the case within his knowledge, their advice might have been entirely different. For this reason, we must affirm the order appealed from, with costs.