## Wing v. Chicago & N. W. R'y Co.

1. The effect of the admission of a part of the Territory of Dakota as the State of South Dakota, and the erection of federal courts therein, (Act. Cong. approved Feb. 22, 1889,) was *ipso facto* to extinguish the territorial government, and its territorial courts..

2. The above mentioned act makes provision for the disposition of all cases pending in the territorial courts at the time of the admission of South Dakota into the Union, and the circuit and district courts, respectively, of the United States are declared to be the successors of the supreme and district courts of the territory, if the circuit and district courts of the United States might have had jurisdiction under the laws of the United States, had such courts existed at the time of the commencement of such cases.

3. No civil action, cause, or proceeding in which the United States is not a party, can be transferred to such courts, except upon the written request of one of the parties to such action or proceeding, filed in the proper court, before the party has proceeded actively in the cause pending in the local court. The jurisdiction of the state court is absolute and unqualified until the written request is made.

4. Parties have a right to continue the case in the state courts, irrespective of its federal character. As soon as any active steps have been taken, any acts performed, that show presumptively that an election has been made to remain in the state court, the jurisdiction of the state court becomes complete, and no transfer will take place.

(Syllabus by the court. Submitted Oct. 21, 1890. Opinion filed Jan. 5, 1891.)

Appeal from circuit court, Brookings county. Hon. Frank R. Aikens, Judge.

Application by defendant for a removal of this cause from the state circuit court to the circuit court of the United States. Denied. Defendant appeals. Affirmed.

The facts so far as material are stated in the opinion.

*William B. Sterling,* (*F. A. Keep* and *W. A. Lynch,* of counsel) for appellant.

Defendant's application to the state court for a continuance was not a waiver of its right to file a petition and bond for removal. Its right to a removal existed down to the time of the final disposition of the case by trial. Enabling Act, § 23; Lockhart v. Railroad, 38 Fed. 274; T. C. & L. Co. v. Waller, 37 Fed. 545; Miller v. Sunde, 44 Fed. 301; Dorne v. Mining Co., 1 S. D. 20, 44 N. W. 1021.

*Mathews & Murphy* and *W. E. Bramhall* for respondent.

The defendant, having invoked the aid and jurisdiction of the state court by making a motion for a continuance, and making and serving a notice of trial, has forfeited its right to have the case transferred.    Ames v. Railroad, 4 Dillon 251.

BENNETT, J.    This action was commenced in the district court of the fifth judicial district in and for the county of Brookings, in the Territory of Dakota, on the 22d day of January, 1889.    The defendant answered said complaint on the 22d day of August following; to which answer the plaintiff duly served a reply.    The case was put upon the calendar by notice of trial, by both parties, in the circuit court of said Brookings county, to stand for trial at the regular term, commencing on the 11th day of March, 1890.    When the case was called, defendant made application for a continuance, which was denied; but defendant was given until the 19th day of March to prepare for trial.    On that day, the defendant presented its petition and bond for a removal of the cause into the United States circuit court for the eighth judicial circuit, which application was denied.    From the order denying the application, this appeal is taken.

The application is based upon the ground of diverse citizenship.    It is admitted that Ormiston C. Wing, the plaintiff, was, when this suit was commenced, a citizen and resident of Dakota territory, and continued to be such down to the time of its division, and the admission of the southern half into the union, as South Dakota, and was such at the time the application was made; that the defendant was, when the suit was brought, and still is, a citizen and resident of the State of Illinois; and that the matter in dispute exceeds the sum of $2,000. These admitted facts show that, had South Dakota been a state at the time the action was commenced, the defendant would, upon compliance with the removal act of congress, approved March 3, 1887, have been entitled to have had it transferred. The petition of the defendant does not show whether the application is made under the act of congress, providing for the removal of causes, or under Section 23 of what is com-

monly known as the "Omnibus Bill," providing for the admission of South Dakota into the union.  If the application was made, as it seems to have been, by filing a petition and bond, under the removal act of March 3, 1887, the defendant was clearly out of time in its presentation.  Section 3, of the act of March 3, 1887, as amended August 13, 1888, (25 U. S. St. at Large, 435,) declares that such petition for removal must be filed "at the time, or any time before, the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff."  Section 4893, Comp. Laws, says: "The summons shall be  *  *  *  directed to the defendant, and shall require him to answer the complaint, and serve a copy of the answer,  *  *  *  within thirty days after the service of the summons."

The only pleading on the part of defendant is either a demurrer or answer, and the demurrer, like the answer, must be served within thirty days.  Section 4908, Id.  The court may, in its discretion, allow an answer or reply to be made, or other act to be done, after the time limited by this Code.  Section 4939, Id.  Thirty days from the service of the summons is the limit the defendant has for answering the complaint, or filing a demurrer to it, except by the discretion of the court.  In this case the action was commenced January 22, 1889.  The defendant answered August 22, 1889, long after the thirty days had expired; but, in the absence of any showing to the contrary, it is to be presumed it was done in obedience to the direction of the court.  The application for removal was made March 11, 1890, over six months after the answer was filed, and after the term of court had adjourned.  The act of congress providing for the removal of causes from state to federal courts was enacted for the benefit of litigants of diverse citizenship in the states already admitted into the Union, and was not intended to be operative in actions instituted within the limits of the territories of the United States, as the territorial courts were, in fact, federal in their character.  At the time the case at bar was commenced, Dakota was a territory.  No tribunals for the

trial of causes were in existence, except such as were provided by congress, under the organic act. During the pendency of this action, and before the trial. Dakota territory was divided, and the south half created into the State of South Dakota, which was admitted into the Union, with full powers to act for itself, as a state, November 2, 1889. Congress in its wisdom, and, no doubt, for the purpose of putting litigants residing within the limits of South Dakota upon an equal footing with citizens of other states, provided, by Section 23, c. 180, U. S. St., approved February 22, 1889, and known as the "Omnibus Bill," "that in respect to all cases, proceedings, and matters now pending in the supreme or district courts of either of the territories mentioned in this act, [Dakota being one of them,] at the time of the admission into the Union of either of the states mentioned in this act, (Dakota being one of them,) and arising within the limits of any such state, whereof the circuit or district courts, by this act established, [being the United States circuit and district courts,] might have had jurisdiction under the laws of the United States, had such courts existed at the time of the commencement of such cases, the said circuit and district courts respectively, shall be the successors of said supreme and district courts of said territory; and in respect to all other cases, proceedings and matters pending in the supreme or district courts of any of the territories mentioned in this act at the time of the admission of such territory into the Union arising within the limits of said proposed state, the courts established by such state shall, respectively, be the successors of said supreme and district territorial courts, * * * but no writ, action, indictment, cause, or proceeding now pending, or that, prior to the admission of any of the states mentioned in this act, shall be pending, in any territorial court in any of the territories mentioned in this act, shall abate by the admission of any such state into the Union, but the same shall be transferred, and proceeded with in the proper United States circuit, district, or state court, as the case may be; provided, however, that in all civil actions, causes, and proceedings, in which the United States is not a party, trans-

fers shall not be made to the circuit and district courts of the United States, except upon written request of one of the parties to such action or proceeding filed in the proper court, and, in the absence of such request, such cases shall be proceeded with in the proper state courts." These provisions make the United States courts, thus established, the successors of the territorial courts, as to all suits pending therein at the time the territory became a state, which might have been brought in the United States court in the first instance, if the territory had been a state. They further provide that, to transfer such cases to the United States courts, a written request by one of the parties to the suit must be filed in the proper state court, and, in the absence of such written request, the case shall proceed in the state court.—no abatement of cases by virtue of the admission. The provisions of the enabling act do not state when this written request shall be filed. The time must be left to the construction of the court to which the application is directed. The jurisdiction of the state court is absolute and unqualified until the written request is made. It will also be noted that it requires no formal petition or bond to make the removal; simply a request showing the federal character of the action. In this respect, it is quite different from the acts of congress applicable to general removals in the older states. It merely declares how a transfer may be made, and what disposition of the case is had in case a removal takes place.

Parties have a right to continue the case in the state court, or to transfer it to the United States courts. When the right exists, the party's election must determine where the case shall be tried, and, when once, exercised, he has exhausted his right. If no act has been done that can be construed into the exercise of this right, the party remaining passive, inactive, and silent, it may well be said he has not made his choice; but, as soon as any active steps have been taken, any acts performed, that show presumptively that he has made an election to remain in the state court, this action cannot be withdrawn or rescinded. The jurisdiction of the state court becomes complete, and no transfer will take place.

The only point in controversy in this appeal is the time at which the petition and bond for removal were filed and presented to the court. The record discloses the fact that the issues were made in August, 1889, in the territorial district court. The state was admitted November 2, 1889. The state circuit court was the immediate successor of the territorial district court, and, as such, had jurisdiction of the cases then pending in that court. The first term of the state court for that county convened March 11, 1890. Previous to its convening, both plaintiff and defendant gave notice of trial, and the cause was put on the calendar. When it was reached for trial, defendant moved for a continuance, upon the ground of absent witnesses. The court passed judgment on the motion, against the application. These unquestioned substantive acts on the part of defendant, actively submitting to the jurisdiction of the state court, are strong and positive evidence of its decision to try the case in the state court. They are inconsistent with a desire to substitute the United States courts for the state tribunal, and amount to an election on the part of defendant; and, having once made it for any purpose, the right of transfer has been forfeited, and the application came too late. These views are fortified by the opinions of Judges MILLER and DILLON, in the case of Ames v. Railroad Co., 4 Dill. 251, a case arising under the enabling act admitting Colorado, identical with Section 23 of the omnibus bill, relating to transfer of causes, with the exception that cases pending in the territorial courts at the time of its admission were transferred to the proper federal court by virtue of the act itself. It absolutely transferred those cases, without any act of the parties. The act under which South Dakota was admitted leaves these cases in the state tribunals, unless a written request is filed for the transfer. Judge DILLON, in delivering the opinion, says: ''The federal character of a case must appear in the pleadings or of record. If the federal character of a case pending at the time of the admission of Colorado thus appears, it belongs to the federal courts, if the case be such as to subject-matter or parties and amount as that it might have been brought in such federal court if it

had been in existence when the suit was commenced. If the federal character of a pending cause does not thus appear, the court in which it is pending may rightfully proceed therein after the admission of the state, at least until it is shown to the court that it is one of federal cognizance. In the present cause, the proceedings did not show that it was one of federal character, as there was no averment in the bill of complaint of the citizenship of the plaintiffs. As the cause was in the court, and the court was in existence, and the federal character of the cause did not appear, it follows that the court had jurisdiction to act therein after the admission of the state. It is contended by the defendant company that the complainants have elected to remain in the state court, and that, having done so, they are bound thereby, by virtue of the common law principle that an election once made is binding and irrevocable. In other words after the 1st day of August, the plaintiffs could have taken steps to show the federal character of the cause, and arrested all further action of that court. Instead of doing this, they invoked the continued exercise of the jurisdiction and powers of that court, and obtained, in August, an order appointing a receiver, and subsequently procured an order for a writ of assistance, which was issued. After having, with knowledge of all the facts as to jurisdiction, done this, can they afterwards change the forum, and, if so, what limitation in point of time exists, and can it be exercised down to the time of final hearing? It is my judgment, in a case whose federal character does not appear of record, that the party who, with knowledge of all the facts, wishes the case to go to the federal court, under Section 8 of the act of June 26, 1876, must make his election before voluntarily invoking the action and power of the court, otherwise he is concluded from afterwards electing to reveal its federal character, and have a transfer by virtue of the last-mentioned act." MILLER, J., says, (page 260:) "I concur in the opinion, * * * on the ground that the party now seeking to docket the case in the circuit court took active steps in the case after he had the right to have it docketed in the circuit court. But, in the future application of this rule, I should not accept silence or

passive inaction in the state courts as conclusive against a party of his election between the two courts." Our own and these opinions are strengthened by the action of the United States circuit court recently held in Sioux Falls. This court had previously transferred several cases to that court on application duly made, among them the cases of the City of Rapid City v. David H. Clark and the City of Rapid City v. William Gramberg. These have been remanded for trial in our court, for the reason, as we are reliably informed, though not in an official manner, that the party making application for the transfer had taken and perfected an appeal from the circuit court of the state to this court since admission, and, by that act, had waived his right of transfer, and must have his litigation tried and determined in the state court, which is the successor of the territorial court where the action was commenced. By this construction, it is clear that a party has no right of transfer, unless he files his written request asking the removal before he has taken any active steps in the case in the state court. After having done so, he is not entitled to a change of forum. The order of the court below, denying the request of the defendant to have the cause removed, is affirmed. All the judges concurring.