GULL RIVER LUMBER CO. v. SCHOOL DISTRICT No. 39 of Barnes County.

**1. Transfer of Causes Under Omnibus Bill.**

Respondent, after the admission of North Dakota into the federal Union, argued the appeal in this case in the supreme court of the state, applied for a rehearing after defeat, and after securing a rehearing applied for and obtained a continuance. *Held*, he could not thereafter obtain a transfer of

the case to the federal court on the ground of diverse citizenship, under the provisions of the enabling act.

(Opinion Filed February 2, 1891.)

*A*PPLICATION to remove cause to United States circuit court.

*White & Hewit* for applicant.

CORLISS, C. J.   The plaintiff and respondent has filed a written request for the transfer of this cause to the proper federal court under the provisions of the enabling act.   We find ourselves powerless to bring plaintiff back to the point of divergence, that it may again choose its future route in the course of this litigation.   With the admission of this state into the federal Union, there were laid out before plaintiff by the omnibus bill two paths, running so diversely that the selection and pursuit of one must forever preclude the choice of the other.   Had plaintiff chosen the federal path in proper time, the facts disclosed by its written request on this application would have entitled plaintiff to select that route.   Diverse citizenship, both at the commencement of the action and at the time of the application, is shown.   Both parties were corporations, but corporations are citizens, within the meaning of the statutes conferring jurisdiction on the federal courts on the ground of diverse citizenship. Wisconsin v. Insurance Co., 127 U. S. 265, 8 Sup. Ct. Rep. 1370. It is true that one of the parties, the defendant, was not a citizen of the state of North Dakota at the time the action was instituted, but it was at that time a citizen of the territory of Dakota, and that portion thereof out of which the state was afterwards erected; and the spirit of the enabling act is to regard the state as admitted, and the federal court as in existence at the time of the commencement of the action for the purpose of determining the right of either party to transfer the cause to the proper federal court.   The plaintiff, however, has proceeded upon the highway of state jurisdiction.   Subsequently to admission, plaintiff argued the defendant's appeal in this court, and, having been defeated, plaintiff applied for and obtained a rehearing, and moved for and secured a continuance of the reargument to a later day in the term.

It is clear that under the terms and spirit of the enabling act an election to remain in the state forum destroys the right to request a transfer of the case. The language of the act is that "in the absence of such request such cases shall be proceeded with within the proper state courts." § 23. The case is not to be proceeded with until such request is made, but in the absence thereof the state court is to retain jurisdiction; obviously, not during the pleasure of the parties, but thereafter throughout the entire course of the litigation. If there is "absence" of any request when any step is taken by the applicant for transfer in the state court after admission, the state court shall thereafter proceed with the case. But it is urged that to defeat a party's right to a transfer he must proceed in the state court voluntarily, and that all the steps taken by respondent since statehood have been coerced by its opponent; that, having been successful in the court below, respondent may act on the defensive without being open to the charge of having voluntarily elected to remain in the state court. It would seem to be clear that the acts of respondent since statehood have been voluntary, so far as the tribunal in which they were to proceed is concerned. Plaintiff may have been forced to argue the defendant's appeal in order to support the judgment rendered in favor of defendant in the district court, but it was not obliged to argue such an appeal in the state court. The question is not whether a party is obliged to take the steps which he has taken; but could he be compelled to take them in the state court? May a defendant who, after statehood, answers; who is successful on trial; who is defeated on appeal; and who finally meets with reverses in the trial court on a second trial—may he claim to have been acting under coercion through all these various stages, and that therefore he has never elected to remain in the state court? It would seem strange that a party who had the power to direct his course, and choose which line of jurisdiction he would follow, when pushed along by his antagonist should be heard to plead that his choice of tribunals was the result of coercion. If defendant's contention is sound, then, in the case we have above supposed, federal jurisdiction might be invoked after the lapse of years, and after a long course of procedure, in

every stage of which, up to the application for transfer, the defendant had been acting only on the defensive. There is nothing in the opinion in Wing v. Railroad Co., (S. D.) 47 N. W. Rep. 530, or Ames v. Railroad Co., 4 Dill. 251, to justify such a contention; on the contrary, we cite them in support of our conclusion. Should we be in error in our decision, the federal supreme court can correct it. The application is denied. All concur.