## CHARLES H. GOULD *vs.* DULUTH AND DAKOTA ELEVATOR CO.

Opinion filed January 10th 1893:

**Vacation of Judgment.**

Defendant moved in the District Court to vacate certain judgments entered in plaintiff's favor, and pending defendant's motion plaintiff made a counter motion, asking, in the alternative, either that the judgments be confirmed, or, if vacated on defendant's motion, that a new judgment be entered on the verdict. Both motions were denied, by one and the same order. *Held*, that while the order, in terms, denied plaintiff's motion, as well as that of the defendant, its practical operation and legal effect were wholly favorable to the plaintiff and wholly unfavorable to the defendant.

**Separate and Distinct Matters Not Disposed of in One Order.**

The practice of mingling distinct and independent matters in one hearing, and disposing of the batch by one order, condemned.

**Appeal Dismissed.**

No appeal will lie in plaintiff's favor from such order, and hence plaintiff's appeal therefrom is dismissed.

**Order for Judgment—Ex Parte Application.**

An application to the District Court, or to a judge thereof, for an order directing the entry of a judgment, may be made *ex parte*. Notice of such application is not necessary, unless a stay exists, or the court or judge, for some special reason, directs that such notice be given.

**Judge May Direct Entry of Judgment Outside His District.**

Under the proviso contained § 4828 Comp. Laws, a Judge of the District Court of the district in which the action is pending has authority, by an *ex parte* order, made while outside of such district, and within the state, to direct the entry of a judgment in such action; and, where an outside judge has been requested to act in the place of the judge of the district where the action is pending, under Ch. 61, Laws 1890, such outside judge is, with respect to such cases or matters as come within the request to act, empowered to "do and perform all such acts as might have been done and performed by the judge of such district." Accordingly, *held*, that the Judge of the Fifth Judicial District, who had been duly requested to act, had authority to sign an *ex parte* order for judgment in this case while within the fifth district; the action being pending in the third district.

**Presumption of Due Taxation of Costs.**

On appeal from a judgment embracing costs, this court will presume, unless the contrary affimatively appears in the record, that the costs were duly taxed and inserted in the judgment. Where presumptions control, they will only be indulged in support of the judgment. Eliott, App. Proc. § § 710, 717, 718, 725.

Cross appeals from District Court, Cass County; *McConnell*, J.

Action by Charles H. Gould against the Duluth & Dakota Elevator Company for the conversion of a quantity of wheat. After the reversal of an order vacating a judgment for plaintiff, 50 N. W. Rep. 969, judgment was entered for plaintiff. Defendant moved to vacate such judgment, and pending such motion plaintiff moved for an order confirming the judgment, or, if vacated on defendants motion, for judgment on his original verdict. From the orders entered, denying both motions, both parties appeal.

Affirmed.

*J. E. Robinson*, for plaintiff.

*Spalding & Phelps*, for defendant.

WALLIN J.  On a former appeal in this action to this court, 2 N. D. 216, 50 N. W. Rep. 969, an order of the District Court setting aside a verdict in plaintiff's favor, and granting a new trial, was reversed, and the trial court was directed to enter judgment in plaintiff's favor, reversing the order of the District Court, and for the costs and disbursements of this court.  On filing the remittitur below, and on plaintiff's application therefor, judgment was entered in the District Court, reversing the said order of the District Court, and for plaintiff's costs and disbursements made and incurred in this court on said appeal, amounting to the sum $80.65.  This judgment bears date January 30th, 1892, and the same was entered by the Clerk of the District Court for Cass County, in the Third Judicial District, where the action was pending.  At the same time, and on plaintiff's motion therefor, another and separate judgment in this action was rendered and entered by the Clerk of said District Court, in favor of plaintiff and against defendant for the amount of the verdict, with interest, together with the costs and disbursements of said action in the District Court, aggregating $592.35.  This judgment also bears date January 30th, 1892.  Both judgments were rendered and entered without notice to defendant, or to its attorney in the action.  It is conceded that both judgments were signed by the

N. D. R.—7.

Judge of the Fifth Judicial District while said judge was outside
of the third district, and within his own district—the fifth.  The
judge of the fifth district signed and certified to both judgments
as follows:  "Roderick Rose, Judge, acting for and in place of
Wm. B. McConnell, at his special request, and in his absence from
the state."  No question arises upon this record touching the
accuracy of the several amounts entered in the judgments as costs
or disbursements.  After the entry of said judgments, defendant
obtained an order of the District Court for the Third Judicial
District, signed by the judge thereof, requiring plaintiff to show
cause, why said judgments should not be vacated; and pending the
hearing of said order to show cause, and before the same was
determined, said District Court, at plaintiff's instance, granted
another order, requiring defendant to show cause "why the judg-
ments herein entered, and signed by Judge Rose should not be in
all things confirmed, and stand as the judgments of this court, or
why judgment should not be entered on the verdict for $484 and
costs, as taxed and allowed by the court."  Said orders, respec-
tively, were based upon affidavits, but the contents thereof,
except as hereinafter mentioned, are not now important to notice.
The motions embodied in the two orders to show cause were
heard at the same time, and after hearing counsel the District
Court ordered as follows:  "That each of said motions be, and the
same is hereby, denied."  This order bears date on March 29th,
1892.  On April 2nd, 1892, the District Court made the following
order:  "The order requiring plaintiff to show cause why the two
judgments herein, dated January 30th, 1892, signed by the Honor-
able Roderick Rose, Judge of the Fifth Judicial District, should
not be set aside and vacated, coming on for a hearing, A. C.
Davis, defendant's attorney, in support of said order, and J. E.
Robinson, plaintiff's attorney, showing cause *contra*, and on due
consideration, ordered, that said order to show cause be, and the
same is hereby, discharged, and the application of defendant to
set aside and vacate the judgment is hereby denied as to each of
the same.  This order is made as a partial substitute for order

dated March 29th, 1892; and, except as hereby suspended, said order stands. Wm. B. McConnell, Judge. April 2nd, 1892." It appears on the record that the last mentioned order "was made on motion of defendant's attorney, in order to free his appeal from the plaintiff's motion." From the last mentioned order defendant, on April 4th, 1892 perfected an appeal to this court; and thereafter, on April 23rd, 1892, the plaintiff appealed to this court from so much of the first order of the District Court (that of March 29th, 1892) as denied plaintiff's motion "that the judgments herein be in all things confirmed, or that plaintiff do have judgment on the verdict for the amount thereof, with interest and costs."

In this court, defendant assigns the following errors: *First*, "That Judge Rose had no authority to sign the judgments, or to order them to be entered by the clerk of this court, and especially had no authority to do so beyond the limits of the Third Judicial District." *Second*, "That the proceeding of the plaintiff in causing two judgments to be entered herein is irregular, and contrary to law and the practice of this court." *Third*, "That said judgments were rendered and entered without notice to the defendant or its attorney." Plaintiff's assignments of error in this court are briefly as follows: *First*, The District Court erred in refusing to grant plaintiff's motion, because the counter motion of plaintiff was justified by defendant's motion to vacate the judgments. *Second*, If the judgments were void, then the court erred in denying plaintiff's motion for another and valid judgment.

We can discover no merits in either of plaintiff's assignments of error. Plaintiff's motion was, under the circumstances, uncalled for, and premature. One branch of the relief sought by the motion was a confirmation of judgments already entered in plaintiff's favor. While plaintiff's judgments stood of record as entered, their confirmation would be superfluous and meaningless; and whether the judgments were to stand intact or not was the sole question to be determined by the motion previously made by defendant, and then pending. The other branch of plaintiff's

motion, viz: to enter a new judgment on the verdict, (upon the contingency that the existing judgments were first vacated,) was premature. The practice of mingling together in a single motion various matters which are distinct and severable in their character, and of disposing of the entire incongruous mass by one lump order, is not to be commended. Such a course tends to complicate and confuse issues which should be separated, and considered independently of each other. It is nevertheless quite clear that the order of the trial court denying both the motion of the plaintiff and the motion of defendant was, in its practical operation and legal effect, wholly favorable to the plaintiff. By such order the District Court refused to vacate plaintiff's judgments. The refusal to vacate was tantamount to saying that the judgments should stand as entered of record. Such an order could not prejudice any right of the plaintiff, and the same was not appealable.

Defendant's assignments of error present more serious questions. We will inquire first whether the trial court erred in refusing to vacate the judgments upon the ground that they were entered without notice to the defendant or its counsel. The practice of entering judgments in the District Courts in contested cases without notice, and in the absence of the defeated party, was extensively prevalent in those portions of the late territory which are now embraced within the boundaries of this state, and since the state has been admitted the practice still continues to be prevalent. The number of such *ex parte* judgments is very great, and, unless the most imperative reasons exist for so doing, we certainly ought not to establish a rule in this or in any case which could be used, or sought to be used, as a lever to upset the results of so much of the litigation which belongs to the past. But we know of no express statute or governing rule of practice that makes such holding necessary. Section 5095, Comp. Laws, provides that a judgment "may be entered by the clerk upon the order of the court, or the judge thereof." At the time this section was enacted the line dividing the duties of the court while in session from those of the judge at chambers was much more

distinctly marked than it has become under the operation of more recent statutes. The existing practice of entering judgments without notice probably grew up under the statute in consonance with the theory that only *ex parte* matters, followed by orders made as of course, could be entertained by a judge when not sitting as a court. The section cited confers upon the "judges" as well as the courts, authority to direct the entry of judgment. We think this implies that the legislature intended judgments to be entered, except in cases where the statute otherwise specially directed, without notice or other formalities than the simple direction of the court, or of the judge at chambers. There seems to be no necessity for such notice ordinarily. None is expressly required in cases tried by the court. Section 5067, Comp. Laws. On the other hand a motion is expressly required by the terms of a recent statute regulating the entry of judgments based upon the reports of referees. Laws 1889, p. 151. Applications for judgment in default of answer is specially regulated by § 5025, Id.; and in cases of a frivolous demurrer, answer, or reply, § 5026 expressly requires notice of the application to be given. What we say in this case has no application to cases arising under those sections. In the cases mentioned in § 5095, we see no danger, and see some practical advantages likely to result from the practice of entering judgment without notice. No judgment can be regularly entered without an application therefor to the court or judge, and if deemed expedient, an order for notice and a hearing before rendering judgment can be made in any case. Counsel for defendant cite § 5333, Comp. Laws, which requires that, in cases where defendant has appeared in an action, notice of the ordinary proceedings in the action shall be served on defendant or his attorney. But this general provision must, under a familiar rule of construction, yield to any statute framed expressly to control a particular subject. There is a corresponding section in the practice act of the State of Minnesota. See volume 1, § 72, Ch. 66, Gen. St. Minn. 1878. In *Leyde* v. *Martin*, 16 Minn. 38, Gil. 24, where judgment was entered without notice

upon the report of a referee, the court sustained the practice against the objection that no express statute conferred on the Clerk of the Court authority to enter judgment without notice in such cases, although the clerk could do so in jury cases under § 268 of Ch. 66. The court cited earlier decisions and refused to disturb the existing practice of entering judgment without notice. Much less we think, should the existing practice be disturbed in this state, where unlike Minnesota, no judgment can be entered without the direction of the court, or a judge thereof. While the point is not directly involved in the present case, we feel like saying, in the interest of a sound and uniform practice, that there is no statute in this state requiring the District Court, or judge thereof, to sign a judgment. An order directing the entry is all that is required. Section 5095, Comp. Laws. By the decided weight of authority, where a statute provides in terms for affixing the signature of the judge to a final judgment, such statute will be construed as directory, merely, and a failure to sign the judgment does not invalidate the same. 1 Freem. Judg. § 506e, and note. In this state, where an order for the entry of the judgment is given, it is the duty of the clerk, under § 5095, *supra*, to enter final judgment in the judgment book, and then place a copy of such judgment in the roll. Comp. Laws, § § 5101, 5103. On the coming in of a verdict, an order for judgment entered in the minutes, or subsequently written out, signed by the judge, and filed, will give the clerk authority to enter judgment pursuant to the order. Where the action is tried by the court, the findings should indicate clearly the character of the judgment to be entered; and such findings, without further direction from the court or judge, will authorize the entry of judgment. In no case should a judge be called upon to sign a judgment.

Another of defendant's assignments of error is predicted upon the entry of two judgments instead of one. The entry of a judgment based upon the verdict, and embracing the costs and disbursements in the District Court, was clearly regular—no stay having been granted—after the remittitur had been transmitted,

showing that the order vacating the verdict, and for a new trial, had been reversed by this court. After such refusal, it certainly was regular practice to apply for an order directing the entry of a judgment in conformity to the verdict; and in this case the judgment, as entered by the clerk upon the verdict, recited upon its face that the order of the District Court vacating the verdict, and granting a new trial, had been reversed. Under the circumstances we can discover no irregularity or error in applying for an order, and having the judgment entered upon the verdict.

Was it error to enter a separate judgment for the costs incurred in the Supreme Court on the former appeal? We think not. The decision and mandate of this court awarded such costs, in terms, to the plaintiff. Nor do any of defendant's assignments of error challenge the right of plaintiff to have judgment entered in the District Court for his costs and disbursements incurred on the appeal. Defendant's assignment of error upon this feature goes only to the fact that two judgments were entered, instead of one. Our own meager statutes upon the subject matter of costs and disbursements incurred in this court afford us little in the solution of the point raised. Nor do the precedents in other jurisdictions —which for the most part are based upon local statutes—afford us much help. There are numerous precedents in other states for the entry of separate judgments for the costs and disbursements incurred in a court of review. It might happen, indeed, that a party who had prevailed in a court of review upon an appeal based upon some interlocutory order as was the case here, may be defeated, and judgment go against him at the end. In such case we do not see how the party who was awarded his costs on the appeal could ever recover them, if he was not allowed to enter a separate judgment for such costs. True, some courts have awarded the costs incurred on appeal to the successful party, conditionally, *i. e.* upon the condition of ultimate success on the merits. In such case the right to enter judgment for costs could not be determined in advance of final judgment; but without deciding whether, under our statute, this court possesses the

power to direct that costs shall abide the final event of the suit, we will only say that in this case the costs on the former appeal were awarded to plaintiff absolutely. There is no question before us, upon this record, touching either the several items which go to make the totals of the costs or disbursements in either of the judgments, nor is there any point made that the aggregates are excessive. No hardship or injustice appearing in this respect, we see no considerations, either of law or justice, which require us to set aside the judgment for costs. Counsel for defendant cite § 5197, Comp. Laws, requiring notice of the adjustment of costs before the clerk to be given, and make the point that no notice was given, and hence that the judgments are vulnerable for that reason. The answer to this point is that it does not appear by the record that defendant has not received notice of the adjustment of the costs before the Clerk of the District Court. If such is the fact, it should be made to appear affirmatively, for the reason that courts of review will assume in support of a judgment, until the contrary is shown, that the same was regularly rendered and entered. *Gaar, Scott & Co.* v. *Spalding*, 2 N. D. 415, 51 N. W. Rep. 867. No such point appears to have been made before the District Court, nor is error assigned in this court, predicated upon any alleged failure to give notice of taxation of costs before the clerk. Under these circumstances, we cannot rule upon the point.

A single question remains for determination. The authority of the Judge of the Fifth Judicial District to order the entry of the judgments in question is broadly challenged. Counsel for defendant say in their brief: "It is not the physical fact of signing the order outside the Third Judicial District which the defendant contends is error, but the assumption of jurisdiction of the cause, and the rendering of judgment, outside of the proper district." We think the act of signing an *ex parte* order for judgment, if done within the state, but outside of the district where the action is pending, and the signing is done by the Judge of the District Court in which the action is pending, is not an irregularity in

practice, although such signing is not as likely to occur as it was during the territorial regime, when the judges were often called outside of their district to sit in *banc* as a Supreme Court.   Such an order, when made *ex parte* by a judge would, under the terminology used in the earliar statutes, be denominated a "chambers order," and the act of 1887, § 4828, Comp. Laws expressly allows such orders to be made at any place within the territory, in any matter properly before him."   See, also § 5324, Id.   We think those provisions of the statute are not repugnant to any provision of the state constitution, and therefor are now in force.   Under the terms of the statute the Judge of the Third Judicial District, where the action was pending, would have been authorized to direct the entry of judgment at any place within the state. Whether the Judge of the Fifth District, who actually made the order, had authority to make the same, depends upon whether such judge, when he signed the order, was lawfully empowered to discharge the official duties of the Judge of the Third District. We think the Judge of the Fifth District was legally empowered to make the order.   The state legislature has, in terms, given authority to the District Judges, under the circumstances stated in the statute, *i. e.* where a District Judge is unable to act "for any reason," or is technically "disqualified," to request another of the District Judges either to hold a term of court, or to hear a motion or try a case or cases for the judge so unable to act, or so disqualified.   The judge requested to act, when so called in, becomes empowered, under the statute, to "do and perform all such acts as might have been done and performed by the Judge of said District."   Laws 1890, p. 176.   The wording of this statute is so unfortunate that the meaning of some of its features is rendered obscure and dubious, but the general purposes of the act cannot be mistaken.   The statute is striclly remedial in character, and should therefore receive a liberal interpretation, with a view of accomplishing the main purpose of the enactment, which clearly was to give a judge who was either technically disqualified or unable to act, "for any reason," to call in an outside judge, either

to preside at a term of court, or to hear and determine any motion, case or cases.

Thus construing the statute, we are next to inquire, whether as a matter of fact, the Judge of the Fifth District was requested to act in this matter for the Judge of the Third District. This question of fact, as already shown, is settled clearly upon the face of the judgment itself; but in the absence of such evidence, or of any written evidence of the request, we should assume, the contrary not being made to appear, that any Judge of a District Court who had signed an order in a case not pending in his own district had, under the statute, lawful authority to do so. Irregularities in the entry of judgments in courts of record will never be presumed. If any exist, they must be brought upon the record, and made to appear affirmatively. There is no showing and no pretense in this case that the Judge of the Third District did not request the Judge of the Fifth District to act. The entire scope of the assignment of error upon this feature is that Judge Rose could not assume jurisdiction to make the order while outside of his own district. This theory, as already shown, is untenable. Our conclusion must be, and is, that the appeal of the plaintiff should be dismissed, with costs, and that the order of the trial court, denying defendant's motion to vacate the judgment, should be in all things affirmed. Such will be the order. Judgment below will be entered accordingly. All concur.