THE UNITED STATES, APPELLANT, *v.* JUANA S. DE PACHECO. THE UNITED STATES, APPELLANT, *v.* SAMUEL J. HENSLEY. THE UNITED STATES, APPELLANT, *v.* JOHN BIDWELL. THE UNITED STATES, APPELLANT, *v.* ANTONIO SUNOT ET AL.

As the act of Congress passed on the 3d of March, 1851, does not specify the time within which an appeal must be made to this court from the District Courts of California, the subject must be regulated by the general law respecting writs of error and appeals. Either party is at liberty, therefore, to appeal from such a decree within five years from the time of its rendition.

Under the sixty-third rule of this court, an appellee in a case from California may docket and dismiss according to that rule; but a new appeal may be taken at any time within five years, or it may be that the record may be filed by the appellant at the same term at which a certificate or record had been filed by the appellee, and the case dismissed.

After a case has been thus docketed and dismissed at the instance of an appellee who is a claimant of land, if a patent should be taken out, it will still be subject to be reviewed by this court at any time within the five years above mentioned.

THESE four cases are put together, because they were all covered by one decision of the court. They were cases·from California.

In the first, *Mr. Crittenden* moved to dismiss the appeal.

1st. Because it was not taken during the term at which the decree was rendered.

2d. To docket and dismiss pursuant to the sixty-third rule of court.

*Mr. Crittenden* offered with his motion a duly-certified transcript of the record; from which it appeared that the decree of the District Court confirming the grant was made on the 22d September, 1856, and that the United States appealed therefrom at the next stated term, to wit 24th March, 1857.

UNITED STATES  
*v.*  
HENSLEY.  }

In this case, *Mr. Blair* moved to docket and dismiss pursuant to the sixty-third rule of this court, accompanied by a duly-certified transcript of the record; from which it appeared that the decree of the District Court, confirming the grant, was made 5th July, 1855, and that the United States appealed therefrom on the said 5th July, 1855.

UNITED STATES  
*v.*  
BIDWELL.  }

*Mr. Blair* moved to docket and dismiss pursuant to the sixty-third rule of court, accompanied by a duly-certified transcript

*U. S.* v. *Pacheco, U. S.* v. *Hensley, U. S.* v. *Bidwell, and U. S.* v. *Sunot et al.*

of the record; from which it appeared that the decree of the District Court, confirming the grant, was made on the 16th of July, 1855, and that the United States appealed therefrom on the said 16th of July, 1855.

UNITED STATES  
     *v.*  
SUNOT ET AL.

*Mr. Blair* moved to docket and dismiss pursuant to the sixty-third rule of court, accompanied by a duly-certified transcript of the record; from which it appeared that the decree of the District Court, confirming the grant, was made on the 14th of January, 1856, and that the United States appealed therefrom on the 24th of March, 1857.

The opinion of the court refers to the first-mentioned case, because the first reason given by *Mr. Crittenden* was peculiar to that case; the second reason was common to all the cases.

Mr. Chief Justice TANEY delivered the opinion of the court. A motion has been made to docket and dismiss this case.

It appears, by a certified copy of the record in the District Court of the United States for the northern district of California, that a decree was passed by that court on the 22d of September, 1856, confirming the title of Pacheco to certain lands therein mentioned. No appeal was taken by the United States at the term at which the decree was made, but an appeal was entered at the next succeeding term, in March, 1857.

Pacheco by his counsel now moves to docket and dismiss the case, upon two grounds: 1st. Because the appeal was not taken at the term at which the decree was rendered; and, 2d. If the appeal might legally be taken at the succeeding term, yet no transcript of the record was filed here within the first six days of the present term of this court.

The first question raised by the motion depends upon the construction of the act of Congress of March 3, 1851, which authorizes an appeal to this court in cases of this description. The act gives the right in general terms to the party against whom the judgment is rendered; and does not limit the time within which the appeal shall be made; nor refer to any particular act of Congress by which the time shall be regulated. It must therefore be governed by the judiciary acts of 1789 and 1803, which regulate writs of error and appeals to this court from inferior tribunals. And by these acts the party may take his appeal at any time within five years after the passing of the decree by the inferior court. The appeal in question was therefore made in time; and this motion cannot be maintained on that ground.

The second reason assigned in support of the motion depends upon the sixty-third rule of this court. Under this rule, the appellee in a case from California is entitled to have the case docketed and dismissed, if the transcript of the record is not filed in this court within the first six days of the term next ensuing such appeal; provided the decree of the court below was rendered sixty days before the commencement of the said term of this court.

As we have already said, the decree was rendered in September, 1856, and the appeal taken in March, 1857. Consequently it was the duty of the appellant in this case to file a transcript of the record within the first six days of the present term. This was not done. And it appears that no transcript of the record has yet been filed by the appellant. The appellee is therefore entitled to have the case docketed and dismissed under the rules above mentioned.

It is true he has not filed the certificate mentioned in the rule, but has filed a full transcript of the record. But the transcript shows all of the facts which the clerk by the rule is required to certify; and it has always been held by the court to be equivalent to the certificate which the rule prescribes.

It is proper, however, to add in order to prevent mistake on this subject, that the only effect of docketing and dismissing a case under this rule, is to enable the party to proceed to execute his judgment in the court below. It removes the bar to further proceedings in that court, which the appeal created, and does nothing more. And after the case has been docketed and dismissed, the party against whom the decree was rendered, may still, at any time within five years from the date of the decree take a new appeal in the inferior court; and if he files the transcript of the record in this court within the first six days of the term next ensuing his appeal, the appeal will be valid, and the case as fully before this court, for examination and revision, as if it had been brought here at the first term. The act of Congress authorizes the appeal at any time within five years, and the period allowed by law cannot be shortened by any rule or practice of a court. Nor was it intended to be diminished by the rules in question. And when an appeal is taken in the court below, if the appellee desire a speedy and final decision of the controversy, it is in his power to bring the case up to the next succeeding term of this court.

Indeed, it sometimes happens, under this rule, that the court permits the transcript of the record to be filed by the appellant, and the case docketed for argument, at the same term at which it had previously been docketed and dismissed on the motion of the appellee. And where the appellant satisfies the

court that the omission to file the transcript within the first six days was not owing to any fault or negligence on his part, the court has always allowed him to file it at the same term, and docket the appeal for trial, without putting him to the expense and delay of another appeal.

It follows, from what we have said, that although the case before us must be docketed and dismissed, yet this will not prevent the United States from filing a transcript at the present term, and docketing the case for argument, if they can show that the delay has not arisen from any fault or negligence on their part. And if they fail to do so, they may yet take another appeal at any time within five years, and bring here the decree of the District Court for examination and revision. And if the appellee, after the case is docketed and dismissed, proceeds upon the decree of the District Court, and obtains a patent for the land, his title will still be subject to the decision of this court, if the Government shall hereafter bring up the case within the time limited by law.

We have deemed it proper on this occasion to enter into this full explanation of the rule of court referred to, on account of the multitude of appeals which must unavoidably come up from the District Courts of California, and which, in some shape or other, may be brought before this court, upon motions to dismiss.