WILLIAMS (REPUBLIC INS. CO. v.). See Case No. 11,707.

WILLIAMS (REYNOLDS v.). See Case No. 11,734.

---

## Case No. 17,734.

### WILLIAMS v. RITCHEY.

[3 Dill. 406.] [1]

Circuit Court, D. Kansas. 1874.

JURISDICTION—CHANCERY—INFANT COMPLAINANT—RESIDENCE OF PROCHEIN AMY.

The circuit court of the United States has jurisdiction of a suit in chancery commenced on behalf of an infant who is a citizen of another state against a citizen of the state where the suit is brought, although the next friend of the infant complainant be a citizen of the same state with the defendant.

[Cited in Woolridge v. McKenna, 8 Fed. 668.]

[Cited in Miller v. Sunde, 1 N. D. 1, 44 N. W. 302.]

The bill of complaint commences thus: "Victoria E. Williams, a citizen of the state of New York, and an infant under the age of eighteen years, by her next friend, Jacob V. Adneire, brings this her bill against John Ritchey, a citizen of the state of Kansas. and thereupon your oratrix complains," etc. Demurrer by the defendant on the ground that the prochein amy is not stated in the bill to be a citizen of a state other than the state of Kansas; and counsel admit that in point of fact he is a citizen of Kansas.

Clemens & Freiderich, for plaintiff.
John Martin, for defendant.

DILLON, Circuit Judge. The point here presented is stated by counsel to be novel. but it does not appear to the court to be difficult of solution. If the prochein amy is to be considered as the party, or even a party, to the suit, the objection to the jurisdiction of the court would be well taken. But he is not a party. The complainant is the infant in whose name and on whose behalf the bill is exhibited by her next friend. Infants are capable of maintaining suits to assert their rights, but the practice in chancery requires that the suit of an infant should be supported by another person technically known as the next friend of the infant. The object of this requirement is that the court may have the guaranty of a responsible person that the suit is one proper to be brought and that it is brought in good faith with the sanction of a friend of the infant who is willing to assure this by assuming a liability to the defendant for costs if the suit should prove unsuccessful. But this does not make the prochein amy in a legal sense the party or a party to the suit. The suit is, nevertheless, the suit of the infant. This is apparent from several considerations. Thus if the infant dies the suit abates, but not so on the death of the prochein amy. In this last event the court on application will appoint a new prochein amy and the cause proceeds. Nor does the suit abate on the infant's coming of age; he may then elect whether the cause shall go forward or not. If he goes on, no amendment or change in the bill is necessary. The prochein amy having served the temporary purpose for which he supported the bill, drops out of the cause and all future proceedings are conducted without the use of his name. If the infant on attaining his majority abandons the cause, as he may do, he must as between himself and his next friend pay the costs unless the bill was improperly filed. The next friend may be any person willing to act, even one it seems who has been outlawed, and he is subject to removal by the court for cause, and is at all times under its control. 1 Daniell, Ch. Prac. 92 et seq. A person sustaining such a relation to the cause is not a party in the sense of the 11th section of the judiciary act which requires the adverse parties to be citizens of different states in order to give this court jurisdiction. Indeed, as one of the objects of the practice in chancery requiring a suit by an infant to be brought by his next friend is to give the defendant a right to recover his costs. for which the infant is not liable, it is manifestly to the advantage of the defendant that the next friend should be a citizen of the same state as the defendant, thus rendering his property subject to the process of the court. Demurrer overruled.