# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF NORTH DAKOTA

JOHN C. MILLER, as Administrator, with will annexed, of the Estate of Marie E. Sunde, deceased, Plaintiff and Appellant, *v.* HAROLD SUNDE, Defendant and Respondent.

(Opinion Filed February 5, 1890.)

**1. Transfer of Cases to Federal Court Under Omnibus Bill.**

Under § 23 of the Omnibus Bill, the federal court which might have had jurisdiction of a case under the laws of the United States, had such federal court existed at the time of the commencement of such action, becomes, upon the written request of either party for a transfer of the case, the complete successor of the territorial court in which such action was pending at the time of the admission of this state into the Union; provided, the record, which closes with the filing of the request, discloses a proper case for transfer. All proceedings in the state court thereafter are *coram non judice.*

**2. Same — Jurisdiction of State Court.**

The filing of the request in open court, the attention of the court being called thereto, works an immediate destruction of the jurisdiction of the state court, and at the same moment vests such jurisdiction in the proper federal court. The only power that remains in the state court is to perform the merely ministerial act of making the formal transfer.

**3. Same, Prior to Request for Transfer.**

The proper state court, however, is until such request the successor of the territorial court in which the case was pending.

**4. Citizenship — Administrators.**

The personal citizenship of an administrator, executor, trustee, or receiver determines the question of diverse citizenship, on which federal jurisdiction depends. Neither the fact that the representative was appointed such in the state of which the opposite party is a citizen, nor

the fact that the beneficiary whom the representative acts for may be a citizen of the same state, affects the question.

**5.  Void Judgment — Reversal on Point Not Raised.**
A judgment shown by the record to be void will be reversed on appeal, though neither party raises the question.

*A* PPEAL from district court, Cass county ; Hon. WILLIAM B. McCONNELL, Judge.

*Taylor Crum*, for appellant; *Thomas & Davis*, for respondent.

The authorities cited by counsel upon the points considered by the court are all mentioned in the following opinion:

CORLISS, C. J.  The pretended judgment in this case must be reversed, because the district court had lost jurisdiction of the case at the time the judgment was rendered.  The action was pending in the territorial district court at the time of the admission of this state into the Union.  Under the enabling act, commonly designated as the " Omnibus Bill," the United States district and circuit courts established by that act are made the successors of the territorial district courts as to all cases pending in such courts at the time of the admission; provided, the case is one of which the federal court might have had jurisdiction, under the laws of the United States, had such court existed at the time of the commencement of the action.  § 23.

The mere fact that the federal court might have had jurisdiction is the test.  The case, however, is not transferred by force of the statute merely, but only on written request of one of the parties to the action, filed in the proper court.  Such a request was filed, in this case, in the state district court, by the defendant and respondent, before judgment was rendered; and accompanying this request was the respondent's affidavit, showing that the plaintiff, both at the time of the commencement of the action and at the time of filing the request, was a citizen of the state of Minnesota, and that the defendant was, when the action was commenced, a citizen of the territory of Dakota, and was, at the time the request was made, a citizen of the state of North Dakota.  These facts made the federal circuit court the successor of the territorial district court; and the request, when

presented in open court, *eo instanti* divested the state court of all jurisdiction. The proceedings thereafter were *coram non judice.* The refusal to make the transfer could not avert the force of the statute, when coupled with the request. The jurisdiction of the court was instantly swept away. The only power that remained was to perform the merely ministerial act of making the formal transfer. Railroad Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. Rep. 1262; Stone v. South Carolina, 117 U. S. 432, 6 Sup. Ct. Rep. 799; Carson v. Hyatt, 118, U. S. 279, 6 Sup. Ct. Rep, 1050; Crehore v. Railway Co. 131 U. S. 240, 9 Sup. Ct. Rep. 692.

While it was at first supposed that a state court could determine for itself the question of diverse citizenship, (Dunne v. Railroad Co. 27 N. W. Rep. 448, and cases cited,) it is now settled law that when a *prima facie* case for removal is presented the state court instantly loses jurisdiction; that it has no power to determine the fact of diverse citizenship; and that any action on its part will be without jurisdiction, even though the case is not in fact transferable, and the petition for removal is false. The record closes when the application for removal is made. The power of the state court is destroyed, and the jurisdiction of the federal court attaches at once; and the question of fact on which that jurisdiction ultimately depends must be determined in that court, and its decision on that point is binding on the state court. Railroad Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. Rep. 1262. The federal court either holds the case or remands it, as its determination of the question of diverse citizenship is in favor of or against its jurisdiction. It is singular that any other view was ever entertained. The supremacy of the laws of the United States might in this regard be utterly destroyed by the hostile action of the courts of a subordinate sovereignty, if the fact on which the operation of these laws to give the federal courts jurisdiction depended. rested for its final determination on the decision of the tribunals of such subordinate sovereignty.

The fact that the plaintiff was appointed administrator in the territory of Dakota, and is now administrator in this state, does not alter the case. The question is one of personal citizenship. The individual can have no official citizenship. He is not, as

administrator, a citizen of this state, although appointed and acting here. He is a citizen of Minnesota, and this is the decisive test. The authorities are unanimous on this point. Amory v. Amory, 95 U. S. 186; Davies v. Lathrop, 12 Fed. Rep. 358; Rice v. Houston, 13 Wall. 66; Knapp v. Railroad Co. 20 Wall. 117. Nor can it be said that the citizenship of the next of kin of the decedent, and not the citizenship of the administrator, is the test. Although an executor, administrator, trustee, or receiver sues in a representative capacity, yet his citizenship, irrespective of that of the beneficiaries, determines the question of jurisdiction. Coal Co. v. Blatchford, 11 Wall. 172: Gray v. Davis, 1 Woods, 420; Knapp v. Railroad Co., 20 Wall, 117; Rice v. Houston, 13 Wall. 66. The cases of Browne v. Strode, 5 Cranch, 303: McNutt v. Bland, 2 How. 10; and Williams v. Ritchey, 3 Dill. 406, were all cases where the party whose citizenship was held not to be decisive was only a formal party plaintiff. Distinguishing the first two of these cases from a case like the one at bar, the United States supreme court, in Coal Co. v. Blatchford, 11 Wall. 172, said: "The nominal plaintiffs in those cases were not trustees, and held nothing for the use or benefit of the real parties in interest. They could not, as is said in McNutt v. Bland, *supra,* prevent the institution or prosecution of the actions, or exercise any control over them."

It is immaterial whether the appellant is in a position to raise this question of jurisdiction. This court will reverse a judgment shown by the record to be void, although the point is not raised at all. Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. Rep. 625.

The language of the enabling act providing for the transfer of cases is different from that of the statute regulating the removal of cases, but the effect of the two statutes is the same. The intent of each is to divest one court of jurisdiction, and confer such jurisdiction on another court, under certain circumstances. The operation of such a statute cannot be be made to depend upon the volition of the tribunal from which the case is to be taken. Such a construction would make the statute self-destructive. When a request for a transfer is made,

the federal court instantly becomes the perfect successor of the territorial court, by mere force of the statute. The title of the federal court to the case is inchoate before request; but, whenever a request is made, its title at that moment becomes complete. The inheritance cannot at the same time be the property of two different heirs,—the state court and the federal court. Until request, the state court is the successor of the territorial court in such cases, as well as in all other cases. It rests with either party to say whether the federal court shall succeed to what would otherwise be the inheritance of the state court. Either party may make the request. That request, when properly made, is, in and of itself, the death of the old jurisdiction and the birth of the new. The judgment of the district court is reversed, and that court is directed to transfer this case to the federal circuit court, as requested. All concur.

REPORTER: See also the following cases, arising under the Omnibus Bill: Dorne v. Richmond, (S. D.) 44 N. W. Rep. 1021; same case in 43 Fed. Rep. 690; Herman v. McKinney, 43 Fed. Rep. 689; U. S. v. Taylor, 44 Fed. Rep. 2; Nickerson v. Crook, 45 Fed. Rep. 658; Gull River Lumber Co. v. School Dist. No. 39, *infra*; Murray v. Bluebird Min. Co., 45 Fed. Rep. 387; Dunton v. Muth, id. ib. 390; Carr v. Fife, 44 id. 713.