NEWMAN, ADMINISTRATRIX OF ERSKINE, ET AL. *v.* MOYERS ET AL., PARTNERS, TRADING AS MOYERS & CONSAUL.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 85.    Argued March 11, 1920.—Decided May 17, 1920.

Section 4 of the Omnibus Claims Act of March 4, 1915, c. 140, 38 Stat. 962, limiting the amount of fees collectible by attorneys in respect of the claims therein appropriated for, is valid.    P. 185.    *Calhoun* v. *Massie, ante,* 170.

A suit by attorneys against their client and Treasury officials to enforce a contract for fees made unlawful by an act of Congress is an attempt to use the court for an illegal purpose and should be dismissed by the court, *sua sponte* if necessary, and it is immaterial whether the Treasury officials or the Government have any interest entitling them to appeal.    Pp. 184–185.

In a suit by attorneys against their client and Treasury officials to enforce a contract for fees made unlawful by an act of Congress, wherein the client failed to prosecute her appeal to this court from a decree against her, *held*, that this court might open the record and reverse the decree or dismiss the appeal for want of prosecution, leaving the court below free to take appropriate action to prevent itself from being used as an instrument of illegality. P. 185.

47 App. D. C. 102, reversed in part; appeal of Newman, administratrix, dismissed for want of prosecution.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Frierson,* with whom *The Solicitor General* and *Mr. A. F. Myers* were on the brief, for appellants.

*Mr. Charles F. Consaul,* with whom *Ida M. Moyers* was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

By the Omnibus Claims Act of March 4, 1915, c. 140, 38 Stat. 962, 963, discussed in *Calhoun* v. *Massie,* decided this day, *ante,* 170, Ursula Ragland Erskine became entitled to receive from the Secretary of the Treasury the sum of $1,836.66. Long before that date she and the firm of Moyers and Consaul, attorneys, had entered into a contract for the prosecution of her claim against the Government. The contract provided that the attorneys should receive an amount equal to fifty per cent. of the sum collected. Its terms and the services rendered were, in substance, identical with those set forth in *Calhoun* v. *Massie.* In reliance upon § 4 of the above act, Mrs. Erskine refused to pay or assent to the payment to the attorneys of an amount greater than twenty per cent. of the appropriation; and the Treasury officials were proposing to issue a warrant for twenty per cent. thereof to

the attorneys and another for the balance to her. Moyers and Consaul insisted that the provision of the act limiting fees of attorneys to twenty per cent. was invalid; and they brought this suit in the Supreme Court of the District of Columbia against Mrs. Erskine, the Secretary of the Treasury and the Treasurer of the United States to recover the full fifty per cent. As in *McGowan* v. *Parish*, 237 U. S. 285, the plaintiffs prayed that they be declared entitled to recover from Mrs. Erskine the amount claimed; that the issuance to and the collection by her of any amount from the Government be enjoined; and that either the whole amount be paid into the Registry of the court, or that a receiver be appointed who should collect from the Government the whole amount and pay therefrom to plaintiffs an amount equal to fifty per cent. of the collection. Mrs. Erskine died soon after the filing of the bill, whereupon Sue Erskine Newman, the administratrix of her estate, was made defendant.

The Secretary of the Treasury and the Treasurer moved to dismiss the bill of complaint, among other reasons, on the ground that collection of more than twenty per cent. was prohibited by § 4, and that the limitation thereby imposed was a valid exercise of congressional power. Sue Erskine Newman, as administratrix, moved to dismiss on the same ground, among others. The motions were overruled; and the court entered a decree directing payment of the money into court, ordering that plaintiff recover from the administratrix an amount equal to fifty per cent. of the collection from the Government, and directing that this sum be paid out of the funds to be so paid into court. From the decree for plaintiffs entered by the Supreme Court of the District of Columbia, all the defendants appealed to the Court of Appeals of the District of Columbia; and when the latter affirmed the decree of the lower court, all the defendants joined in the appeal to this court. The Honor-

able Carter Glass, upon becoming Secretary of the Treasury, was substituted for the Honorable William G. McAdoo; and the further substitution of the Honorable David F. Houston was made when he became Secretary of the Treasury. The appellees now move to dismiss the appeals of the Secretary of the Treasury and the Treasurer of the United States on the ground that neither they nor the Government have any pecuniary or other interest in the suit. They also move to dismiss the appeal of the administratrix on the ground that she did not formally enter her appearance in this court nor take any part in the proceedings here.

The merits of the former motion we have no occasion to consider, for the following reason: Section 4 of the act limited the compensation which the attorneys may collect or receive to twenty per cent. The act is valid. *Capital Trust Co.* v. *Calhoun*, 250 U. S. 208; *Calhoun* v. *Massie, supra.* The plaintiffs were seeking the aid of the courts to recover monies which an act of Congress prohibited them from collecting or receiving. If the bill had not alleged that this act was invalid it would have been the duty of the lower court to dismiss the bill even if none of the defendants had raised any objection to the maintenance of the suit. *Oscanyan* v. *Arms Co.*, 103 U. S. 261, 267; *Lee* v. *Johnson*, 116 U. S. 48, 52; *Coppell* v. *Hall*, 7 Wall. 542, 558. The Secretary of the Treasury and the Treasurer of the United States did make such objection. The overruling of it in the courts below was error. The judgment must be reversed and the cause remanded with directions to dismiss the bill as to them.

The fact that the administratrix did not persist in her appeal should not result in affirmance of the judgment as to her. In *Montalet* v. *Murray*, 3 Cranch, 249, Mr. Chief Justice Marshall "stated the practice of the court to be, that where there is no appearance for the plaintiff in error, the defendant may have the plaintiff called, and

dismiss the writ of error; or may open the record, and pray for an affirmance." This practice is still in force under Rules 9 and 16 of this court. *Todd* v. *Daniel*, 16 Pet. 511; *Hurley* v. *Jones*, 97 U. S. 318; *The "S. S. Osborne*," 105 U. S. 447, 450–1. It is applicable to one of several joint appellants who fails to perfect his appeal. *Yates* v. *Jones National Bank*, 206 U. S. 158, 166, 181.

If the appellee had asked for an affirmance it is clear that it must have been denied because of the illegal purpose of the suit. But the court might go further. Since of its own motion it might dismiss this appeal (*Hilton* v. *Dickinson*, 108 U. S. 165, 168), and since on dismissing it a mandate to the lower court might issue (*United States* v. *Gomez*, 23 How. 326, 330), this court might also of its own motion entertain the alternative to dismissal spoken of by Mr. Chief Justice Marshall,—i. e., open the record. If it did so and perceived that the court was being used to attain an illegal result there would be power to reverse the decree and remand the cause with instructions to dismiss the bill. But in the present case such a course is not necessary. The appellees have asked not for an affirmance, but for a dismissal, of the appeal of the administratrix. A dismissal for want of prosecution will remit the case to the lower court in the same condition as before the appeal was taken; and the lower court will then be free to take appropriate action to prevent itself from being used as an instrument in illegality. *United States* v. *De Pacheco*, 20 How. 261; *United States* v. *Gomez*, 23 How. 326, 339–340.

*Decree reversed as to appellants Houston and Burke and cause remanded with directions to dismiss the bill as to them.*

*Appeal of Newman, Adm'x, dismissed for want of prosecution, and case remanded for further proceedings in conformity with this opinion.*