## MRS. W. K. ORTH *v.* MAX BASKER, SR., AND MRS. MAX BASKER.

### No. 1821.

ARGUED APRIL 23, 1928.                    DECIDED MAY 7, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In an action for malicious prosecution the jury rendered a verdict in favor of the plaintiff in the sum of $4000 and judgment was, on November 3, 1927, entered in conformity with the verdict. Thereafter one of the defendants filed a bill of exceptions and the same was allowed by the trial judge. Upon motion of the appellee and with the consent of the appellant the bill of exceptions was dismissed by this court. The motion did

not specify upon what ground it was based, but merely referred to affidavits filed in its support. Those affidavits indicated that the ground was that the record on appeal had not been filed in this court within twenty days after the allowance of the bill of exceptions. (See paragraph 2, Rule 1 of this court.) Thereupon the same appellant obtained the issuance of a writ of error intended, it is understood, to bring up for review the same alleged errors relied upon in the bill of exceptions. Upon motion of the appellee and against the objection of the appellant the writ of error was dismissed. In this instance, also, the ground upon which the motion was based was not stated in the motion itself but, as indicated by the affidavits filed in its support, the ground was that the record on appeal had not been filed in this court within the twenty days named in the rule. The ruling of this court was rendered orally and in it reference was made to the case of *Arruda* v. *Arruda,* 29 Haw. 802. There is no doubt that the ruling of the court was based upon the ground that the record was not filed within the twenty days. Thereafter the same appellant secured the issuance of a second writ of error by which it is sought to obtain a review of the same alleged errors assigned upon the first writ of error. The appellee now moves to dismiss the second writ of error on the ground that the first writ of error was dismissed for "want of prosecution" and that the appellant, in and by the issuance of the first writ of error, exhausted her right to a review by this method of appeal.

In this jurisdiction there is no statute expressly upon the point as to whether or under what circumstances the dismissal of a prior writ of error will bar the issuance of a second. Nor is there any statute declaring that the effect of the dismissal of a writ of error shall be to affirm the judgment appealed from. In the

case at bar there has been no such affirmance, either by operation of a statute or by order of this court. "In the absence of some contravening statutory provision, it has been very generally held that, where an appeal or writ of error has been dismissed voluntarily or by the court for failure to comply with some requirement of the law governing the proceeding rendering the appeal ineffective, a second appeal or writ of error is not barred if taken in due time. This rule has been applied in cases of dismissal of premature writs of error or appeals, to dismissals for irregularity or insufficiency in the steps taken to perfect the appeal or error proceedings, as well as to dismissals for want of authority in the appellant to maintain the proceeding. The rule does not apply, however, where, by statute, the dismissal of the first proceeding is equivalent to an affirmance and is final. * * * According to one view, the dismissal of an appeal or writ of error for want of prosecution leaves the case in the court below in the same condition in which it was before the appeal was taken or the writ of error sued out, and does not bar the subsequent prosecution of another proceeding if begun in due time. But, according to another line of cases, the dismissal of a writ of error or appeal which has been regularly taken operates as an affirmance of the judgment or order, and unless the order of dismissal or some statutory provision otherwise provides, is a bar to a subsequent proceeding in the same case and upon the same judgment or order." 3 C. J. 348-350. This appears to be a correct statement of the state of the authorities. In addition to the conflict thus disclosed, it may be added that there may be a question as to where the dividing line is between a want of prosecution and a failure to comply with some requirement of the law governing the proceeding rendering the appeal ineffective,—within the

meaning of the authorities using those terms. Our duty in the case at bar, however, is simplified by reason of the fact that the Supreme Court of the United States has spoken on the subject. In several cases it has taken the view that, when the dismissal of the first appeal was upon the ground of a failure to complete the record in the appellate court within the time required, a second appeal may be maintained if perfected within the statutory period allowed for noting and perfecting appeals. The word "appeal" is here used in its general sense, including all methods of review. In *Yeaton* v. *Lenox*, 8 Pet. 123, (8 L. Ed. 889) that court said, in denying a motion to dismiss a second appeal taken within the statutory time: "The case was dismissed at a prior term of the court for want of an appeal bond. * * * The record of the former appeal was not filed in the time required by the rules of the court. * * * A party may, after an appeal has been discussed" (dismissed?) "for informality, if within five years, bring up the case again." Again, in *United States* v. *Curry*, 6 How. 106, 112, 113 (12 L. Ed. 363, 365, 366) it held: "It is true that, although this appeal was not prosecuted, yet the district attorney might have taken another appeal at any time within a year from the date of the decree. * *, * The right of a party to take a second appeal where the first had not been legally prosecuted was decided in the case of *Yeaton* v. *Lenox*, 8 Peters, 123."

"The transcript must be filed in this court and the case docketed at the term next succeeding the appeal, in order to give this court jurisdiction. This case must, therefore, be dismissed. But the dismissal does not bar the appellant from taking and prosecuting another appeal at any time within five years from the date of the decree, provided the transcript is filed here and the case docketed at the term next succeeding the date

of such second appeal." *Virginia* v. *West,* 19 How. 182, 183 (15 L. Ed. 594, 595).

After holding that a first appeal should be dismissed because the appellant did not comply with his duty to file a transcript of the record within the first six days of the term, the same court said: "It is proper, however, to add, in order to prevent mistake on this subject, that the only effect of docketing and dismissing a case under this rule, is to enable the party to proceed to execute his judgment in the court below. It removes the bar to further proceedings in that court, which the appeal created, and does nothing more. And after the case has been docketed and dismissed, the party against whom the decree was rendered, may still, at any time within five years from the date of the decree, take a new appeal in the inferior court; and if he files the transcript of the record in this court within the first six days of the term next ensuing his appeal, the appeal will be valid, and the case as fully before this court, for examination and revision, as if it had been brought here at the first term. The Act of Congress authorizes the appeal at any time within five years and the period allowed by law cannot be shortened by any rule or practice of a court." *United States* v. *Pacheco,* 20 How. 261 (15 L. Ed. 820, 821).

"A motion is now made to dismiss the appeal, upon the grounds that it could not be granted, because the court had exhausted its power by the allowance of the first appeal, and because, if this were not so, the second appeal was not taken within two years from the entry of the decree. As to the first of these grounds it may be remarked, that when the term elapsed at which the first appeal was returnable, without the filing of the record, that appeal had spent its force, and the matter was open to the taking of a second appeal, as it would

434

have been if the appellee had docketed the cause and had it dismissed." *Evans* v. *Bank,* 134 U. S. 330, 331 (33 L. Ed. 917).

In the case at bar the errors assigned have not been at any time considered or determined by this court. There have been attempts to secure a review, but all have ended unsuccessfully. The dismissal of the first writ of error and the dismissal of the bill of exceptions were both upon the sole ground of the failure of the appellant to file the record in this court within the twenty days required by the rule. In each of the cases just quoted from the dismissal of the first appeal or writ of error was because of the failure of the appellant to file a transcript within the required period of time. The decisions of that court are applicable to the facts of the case at bar.

The motion to dismiss is denied.

*C. M. Hite* (*Ulrich & Hite* on the brief) for the motion.

*J. V. Hodgson* (*Peters & O'Brien* on the brief) contra.