## WILSON v. ADERHOLD.

### No. 8404.

Circuit Court of Appeals, Fifth Circuit.

May 5, 1937.

E. Marvin Underwood and W. L. Wilson, both of Atlanta, Ga., in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger and H. T. Nichols, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order denying a writ of habeas corpus upon appellant's second petition. The appeal from the order denying the first petition was disposed of as shown by the opinion of this court reported in 84 F.(2d) 806. Appellant urges only one ground for this appeal that we consider of sufficient importance to warrant comment.

After appellant was convicted in the Middle District of Tennessee, he prosecuted his appeal to the Circuit Court of Appeals for the Sixth Circuit. In accordance with a rule of that court, the appeal was dismissed. Wilson v. U. S., 68 F.(2d) 1022. He now urges that, at the time the judgment was entered, no mandate had issued or been received by the District Court, and, therefore, it was without jurisdiction to impose or enforce the sentence he is now serving. Dismissal of an appeal differs materially from

an affirmance. Its effect is to remove the impediments to, or stay of proceedings in, the trial court which are the consequences of the appeal. United States v. De ·Pacheco, 20 How. 261, 15 L.Ed. 820; United States v. Gomez, 23 How. 326, 16 L. Ed. 552; Newman v. Moyers, 253 U.S. 182, 40 S.Ct. 478, 64 L.Ed. 849. Thus, when the appeal is dismissed, the power of the court from which it was taken, to enforce its judgment or decree, having remained dormant during the pendency of the appeal, is revived and proceedings may continue the same as if no appeal had intervened. The trial court is not dependent on the action of the appellate court for its jurisdiction, nor is it required to proceed in any particular way by virtue of the appeal having been dismissed. It proceeds under its original jurisdiction to do what needs to be done to put its prior judgment into effect. The fact of dismissal is the only requisite to the revival of the proceedings, and a mandate, a copy of the order, or a notice of the dismissal, if one issues, serves only to apprise the trial court of the proceedings had. The fact of dismissal affirmatively appearing in this record, the District Court had full authority to enforce its judgment, and the order denying appellant's petition for habeas corpus is affirmed.