FRANCES MORAVITZ v. MATHIAS MORAVITZ.[1]

May 26, 1939.

No. 32,068.

*Lewis, Grannis & Underhill* and *D. A. Bourgin,* for appellant.
*Victor E. Essling,* for respondent.

Gallagher, Chief Justice.

Appeal from a judgment for defendant in an action for divorce.

In June, 1932, plaintiff, in a suit against defendant, obtained a decree of limited divorce for a period of three years. The parties have not lived together since the entry of the decree. The present action to obtain an absolute divorce was instituted in July, 1937, more than five years after the decree in the separation suit. At the conclusion of the testimony the trial court made findings of fact and conclusions of law in favor of defendant. Plaintiff's

[1] Reported in 285 N. W. 884.

motion for amended findings and conclusions having been denied, judgment was entered for defendant, and the appeal is from that judgment.

The only question involved is: Does separation for a period in excess of five years, only three of which were under a decree of limited divorce, constitute grounds for an absolute divorce within the meaning of 3 Mason Minn. St. 1938 Supp. § 8585(8), which provides:

"A divorce from the bonds of matrimony may be adjudged by the district court for any of the following causes:  *  *  *

"8. Continuous separation under decree of limited divorce for more than five years next preceding the commencement of the action."

Appellant contends that § 8585(8) should be construed to mean that where a limited divorce has been granted and the parties thereafter live separate and apart for a period of more than five years, either party, upon application and upon proof of such separation for more than five years, is entitled, as a matter of law, to a decree of absolute divorce even though the decree in the separation action was for a period of less than five years. With this contention we cannot agree. The language of the statute is clear. It unequivocally requires separation under a decree of limited divorce for more than five years as a ground for absolute divorce. Separation under a decree which has terminated within the five-year period does not meet the requirements of the statute. Merely living apart is not a ground for divorce unless it constitutes desertion within the meaning of 3 Mason Minn. St. 1938 Supp. § 8585(5).

The trial court was correct in concluding that the statute referred to does not afford to plaintiff grounds for the relief asked.

Judgment affirmed.

Mr. Justice Hilton, being incapacitated by illness, took no part.