# FRANK KASÁL v. LOLA KASAL.[1]

## February 4, 1949.

## No. 34,784.

*Charles L. DeReu* and *L. P. Johnson,* for appellant.
*Elmer C. Jensen* and *Streissguth & Berens,* for respondent.

[1] Reported in 35 N. W. (2d) 745.

530

MATSON, JUSTICE.

Plaintiff appeals from a judgment and decree awarding him an absolute divorce; awarding defendant certain personal property, permanent alimony, support money, and attorneys' fees; providing for the divided custody of the five-year-old child of the parties; and requiring plaintiff to establish a $1,000 trust fund for the education of said child.

Plaintiff by his complaint alleged cruel and inhuman treatment as the ground for obtaining an absolute divorce, and defendant did likewise by her cross-complaint and answer. The trial court adjudged plaintiff to be entitled to an absolute divorce upon the following finding of fact:

"That said marriage from its inception was a failure because of the incompatibility of the parties thereto in that they were unable to understand or clearly see or appreciate each other's problems, weaknesses and faults and that as a result thereof the entire married life of these parties was spent in wrangling, argument, disagreement, lack of faith in each other to such an extent as caused the plaintiff herein to become nervous, discouraged, weary and worn, and still suffers from such."

What shall constitute a ground for divorce is a matter of public policy wholly within the control of the legislature. No divorce may be granted except upon the grounds prescribed by statute. Warner v. Warner, 219 Minn. 59, 67, 17 N. W. (2d) 58, 62; Hove v. Hove, 219 Minn. 590, 593, 18 N. W. (2d) 580, 582, 159 A. L. R. 731, 733; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086. This is the general rule throughout the United States.[2] In John-

[2] Gorton v. Gorton, 316 Mich. 375, 25 N. W. (2d) 565; Oertle v. Oertle, 146 Neb. 746, 21 N. W. (2d) 447; Johnson v. Johnson, 381 Ill. 362, 45 N. E. (2d) 625; Crouch v. Crouch, 193 App. Div. 221, 183 N. Y. S. 657; Ruge v. Ruge, 97 Wash. 51, 165 P. 1063; 17 Am. Jur., Divorce and Separation, § 27; 27 C. J. S., Divorce, § 14; 1 Nelson, Divorce and Annulment (2 ed.) (1945) § 3.03; Warren's Schouler Divorce Manual, § 14; 2 Schouler, Marriage, Divorce, etc. (6 ed.) § 1541.

son v. Johnson, 381 Ill. 362, 370, 45 N. E. (2d) 625, 628, the court appropriately said:

"* * * Marriage is a civil contract, to which there are three parties: the husband, the wife, and the State; and while a suit for divorce upon its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party; and it is the duty of the State, in the conservation of the public morals, to guard the relation. * * * 'Some of the States of this country have passed statutes giving to representatives of the State the power to intervene, or appoint officers to represent the State on the hearing of divorce actions, among which are Georgia, Indiana, Michigan, Oregon and Tennessee. In the absence of such statutory enactment it is a doctrine of general acceptance that the court represents the interest of the State in divorce suits. * * * In 2 Bishop on Marriage, Divorce and Separation, (663, 664,) it is said: "The public, which we have seen to be a party in all divorce suits, occupies a unique position, sometimes embarrassing to the court. * * * The limit to the right of the public to be protected while thus disregarding the just and common practice of the court cannot be precisely defined by rule. The judge, keeping in view the precedents, with his 'conscience' always awake, should see that while the record parties are not deprived of the justice of the law, the public good, which suffers from every dishonest divorce and from every one not as well within the spirit of the statute as its terms, is not sacrificed. A rule more exact than this does not appear to be in the nature of the case possible." ' "

By no reasonable construction or intendment can the trial court's finding be construed as constituting one of the grounds for divorce set forth in M. S. A. 518.06. By express language, the finding is one of incompatibility, which is clearly a nonstatutory ground.[3] Divorce cannot be granted simply because there is no chance of reconciliation between husband and wife. Gorton v. Gorton, 316 Mich. 375,

[3]In 1 Nelson, Divorce and Annulment (2 ed.) (1945), § 8.07, it is said that incompatibility in and of itself is given statutory recognition only in Alaska and New Mexico. See, Warren's Schouler Divorce Manual, § 123.

25 N. W. (2d) 565. If the finding is intended to indicate the existence of cruel and inhuman treatment, it is wholly insufficient, in that it not only fails to show which one of the parties is to blame, but in fact attributes the misconduct to both of them. The doctrine of comparative rectitude, under which, where each party to a divorce suit has been guilty of misconduct which is a ground for divorce, a divorce will be granted to the lesser offender, is not recognized in this jurisdiction. Hove v. Hove, 219 Minn. 590, 592-593, 18 N. W. (2d) 580, 582, 159 A. L. R. 731, with Annotation at 734.

■ The additional finding of the trial court that "the defendant did not offer any evidence in support of her cause of action" obviously is not to be construed as a finding that the evidence adduced by plaintiff necessarily established cruel and inhuman conduct on the part of defendant to the exclusion of such conduct on the part of plaintiff. Whether a finding of cruel and inhuman treatment might have been made on the evidence is not before us. The supreme court has no authority to make or amend findings of fact in a case on appeal. Range Ice & Fuel Co. Inc. v. Barnsdall Oil Co. 209 Minn. 260, 296 N. W. 407; 1 Dunnell, Dig. & Supp. § 434.

■ It clearly appears on the face of the record that the purported divorce has been granted in contravention of public policy as expressed by the legislature through § 518.06. This fundamental illegality, which goes to the very power of the court to grant a divorce at all, is not to be ignored. That a valid divorce be granted is of fundamental importance, not only to the state but to the parties themselves. A judgment or decree of absolute divorce shown by the face of the record not to be justified by a finding of fact constituting one of the valid statutory grounds for an absolute divorce will be reversed upon the court's own motion although neither party has raised the question. See, Newman v. Moyers, 253 U. S. 182, 40 S. Ct. 478, 64 L. ed. 849; Miller v. Sunde, 1 N. D. 1, 44 N. W. 301.

It is unnecessary to consider any of the assignments of error, in that the judgment of the trial court is reversed and in the interest of justice a new trial is granted.

Reversed and new trial granted.