MARTHA HEDWIG GERBER v. EDWARD EUGENE GERBER.[1]

March 5, 1954.

No. 36,108.

[1]Reported in 64 N. W. (2d) 779.

*Johnson & Johnson,* for appellant.
*Meighen, Knudson, Sturtz & Peterson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court granting to plaintiff an absolute divorce from defendant, custody of two of the children of the parties, certain attorneys' fees, support money, and personal property. The action was brought upon the ground of cruel and inhuman treatment.

We are principally concerned here with whether the evidence was sufficient to sustain plaintiff's charge of cruel and inhuman treatment and whether there was legal corroborative evidence.

It will serve no useful purpose to go into a detailed review of the evidence here. We have carefully examined the record, and it is our opinion that the evidence does not justify a finding of cruel and inhuman treatment sufficient to warrant the granting of a divorce under the facts and circumstances here. Neither do we find sufficient corroboration to satisfy the legal requirements. We recognize that a trial judge living in a community may have personal knowledge of facts and conditions with reference to the contesting parties in divorce proceedings which might justify his belief that for the best interests of the parties concerned it would be better if the divorce were granted. However, upon review we must be governed by the record before us, and it is our opinion that the evidence here is insufficient.

No divorce may be granted in this state except upon the grounds prescribed by statute. Mere incompatibility or failure of the parties to understand each other or clearly see or appreciate each other's problems, weaknesses, and faults is not sufficient in our jurisdiction to warrant a divorce. After all, there are more concerned than just the husband and wife. Marriage is a civil contract in which not only the husband and wife but the state and the

children of the marriage are concerned. Kasal v. Kasal, 227 Minn. 529, 35 N. W. (2d) 745.

■ We do not believe that there is any legal corroboration of plaintiff's case in the record before us. M. S. A. 518.28 provides:

"Divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court."

The rule is that the corroborating evidence required in a divorce action need not confirm each item of plaintiff's testimony but is enough if it tends, in a degree sufficient to satisfy an impartial and reasonable mind, to establish as a whole the truth of plaintiff's material testimony. Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164.

We do not consider that requirement complied with in connection with the corroborating testimony in the case at bar.

Plaintiff is allowed the sum of $200 and her disbursements in connection with the appeal to this court.

Reversed.

Mr. Chief Justice Dell took no part in the consideration or decision of this case.

Mr. Justice Nelson took no part in the consideration or decision of this case.

UPON PETITION FOR REHEARING.

On June 21, 1954, the following order was filed:

ORDERED, that the petition for reargument herein be and the same hereby is denied and stay vacated. (See 59.05 Rules of Civil Procedure for District Courts.)