**NEW MEXICO VETERANS' SERVICE COMMISSION, Guardian of the Estate and Person of Cleo C. Hawkins, Appellant,**

v.

**UNITED VAN LINES, INC., Appellee.**

**No. 7384.**

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1963.

---

4. "Specifically, appellant is not accusing the jury or any juror individually of doing any improper act." (Brief pp. 28, 29)

Scott H. Mabry, Albuquerque, N. M. (James L. Brandenburg, Albuquerque, N. M., with him on the brief), for appellant.

Paul Cooter, Roswell, N. M. (Charles F. Malone and Robert A. Johnson, Roswell, N. M., with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this action to recover damages for personal injuries sustained in a New Mexico car-truck collision the trial court granted summary judgment for the defendant-appellee, United Van Lines, Inc. (United), on the ground of res judicata.

Plaintiff-appellant, New Mexico Veterans' Service Commission (Service Commission), is the duly appointed guardian of Cleo C. Hawkins whose injuries from the accident produced permanent total disability and total mental incompetency. Before such appointment of Service Commission, Hawkins' wife, Ethel, presuming to be his guardian, brought suit in the state court against United. In her representative capacity she sought recovery for the injuries to Hawkins and in her individual capacity she claimed damages for loss of consortium. United removed the case to the federal district court.

The case was tried twice. Before the submission of the case to the jury in the second trial, the parties entered into a settlement stipulation for a total sum without any division of the amount between the claim for injuries and the claim for loss of consortium. Judgment was entered in accord with the settlement and was satisfied by the widow acting personally and as guardian.

Later, Service Commission was appointed Hawkins' guardian and brought the instant action. United moved for summary judgment on the ground that the issues presented had been adjudicated in the prior action. The facts are not controverted. The trial court granted summary judgment on the ground of res judicata.

Service Commission says that the judgment in the first case is void for lack of jurisdiction because the wife was not

**550**

the legally appointed guardian. The record shows that the order for the appointment of the wife as guardian was made in a New Mexico state court on the same day the petition was filed, without any notice to Hawkins and without the appointment of an attorney to represent him. The New Mexico statute on the appointment of a guardian for an incompetent [1] does not require notice to the incompetent or representation of him. The validity of a proceeding under this section is said to depend upon an adjudication of incompetency. The New Mexico statute in this regard [2] requires a verified petition, an order setting the matter for hearing not earlier than 5 days thereafter, notice to the alleged incompetent, and appointment of an attorney to represent him. Blevins v. Cook, 66 N.M. 381, 348 P.2d 742, a case involving the validity of a deed executed by an incompetent's guardian, appointed in proceedings substantially similar to those in the instant case, holds that the adjudication and appointment were void and may be collaterally attacked. The Blevins decision has no application here because we are concerned with the sufficiency of the plea of res judicata rather than the validity of the appointment.

■ The jurisdiction of the United States District Court for the District of New Mexico over the parties and the subject matter of the suit brought by the wife as guardian is clear. The issues in that case included all the issues here presented. The first trial resulted in a verdict for the defendant United which was set aside by the court. On the second trial, after the evidence was in, the parties agreed on a settlement which was approved by the court and judgment was entered thereon. Such approval by a judge who had twice heard the evidence establishes that the amount of the settlement was fair to the incompetent.

■ Errors in the appointment of the wife as guardian do not go to the jurisdiction of the court. The suit was for the benefit of the incompetent. Under Rule 17(c), F.R.Civ.P., if the incompetent does not have a duly appointed guardian, he may sue by his next friend or by a guardian ad litem. Rule 17(c) of the New Mexico Rules of Civil Procedure [3] in all important respects is identical with federal Rule 17(c). In the first trial no one attacked the right of the wife to sue as guardian. If such an attack had been made and sustained, the court could have appointed a next friend or guardian ad litem to proceed with the suit.[4]

■ We are concerned here with the rights of the incompetent—not with the rights of competing guardians. In the first suit and in this one the incompetent is the real party in interest.[5] That identity is not destroyed by any defects in the appointment of the wife as guardian. Had those defects been called to the attention of the trial court they could have been remedied. Failure in this regard did not oust the court of jurisdiction. The judgment rendered in the first case is conclusive and bars this action.[6] No question relating to the satisfaction of that judgment is before us at this time.

Affirmed.

1. N.Mex.Stat.Ann., 1953, § 32–3–2.

2. N.Mex.Stat.Ann., 1953, § 32–3–1.

3. N.Mex.Stat.Ann., 1953, § 21–1–1(17) (c).

4. See Williams v. Ritchey, 3 Dill. 406, 29 Fed.Cas. 1394 (No. 17,734), quoted with approval in Fulsom v. Quaker Oil & Gas Co., 8 Cir., 35 F.2d 84, 89.

5. Ibid.

6. Security Insurance Company of New Haven v. Johnson, 10 Cir., 276 F.2d 182, 187; Box v. Rundell, 10 Cir., 179 F.2d 626, 628.