## HAROLD W. RILEY, JR. v. MARY L. RILEY.

141 N. W. (2d) 146.

March 11, 1966—No. 39,921.

*Meier, Kennedy & Quinn,* for appellant.
*Bernard Singer* and *Samuel Segall,* for respondent.

PER CURIAM.

In this case the trial court granted the husband a divorce upon a finding that he "has been continuously separated from defendant under an Order or Decree of separate maintenance for a period of two years immediately preceding the commencement"[1] of his action for absolute divorce. The decree referred to was a judgment for support entered January 13, 1961, ordering the husband to support his wife by payment of specified monthly sums plus

---

[1] Minn. St. 518.06 provides in part: "A divorce from the bonds of matrimony may be adjudged by the district court for any of the following causes:

\* \* \* \* \*

"(8) * * * [C]ontinuous separation under an order or decree of separate maintenance for a period of two years immediately preceding the commence‹ ment of the action."

tax and mortgage payments on the home of the parties occupied by the wife by reason of the husband's voluntary removal, to which it was expressly provided he was "free to return * * * at any time." In accordance with Rule 3.01, Rules of Civil Procedure,[2] the husband commenced his action for divorce on September 18, 1962, slightly more than 18 months after entry of the judgment for support. The action was tried December 3, 1964. The court found the husband's proof of cruel and inhuman treatment insufficient but found him entitled to a divorce on his alleged alternative ground, concluding that the judgment for support was tantamount to a decree of separate maintenance.

From the record before us we are unable to determine whether the length of the separation was questioned or considered at trial. The issue is raised on appeal, and the husband now concedes that his action upon that statutory ground was premature. Since divorce jurisdiction is purely statutory, the district court does not have power to grant a divorce except as authorized by statute.[3] By analogy to our decisions requiring proof of the full period prescribed where the statutory ground alleged is willful desertion[4] or habitual drunkenness[5] or separation under a decree of limited divorce,[6] clearly the court exceeded its power in granting a divorce to the husband.

Notwithstanding the husband's concession, the wife, anticipating· a renewal of the action, urges that we decide the issue of whether the court was correct in concluding that the judgment requiring *maintenance of the wife* is equivalent to "an order or decree of *separate maintenance*" within the meaning of the statute. (Italics supplied.) We are precluded from doing so because the action which provoked the issue must be regarded as nonexistent. As was observed in Stocking v. Stocking, 76 Minn. 292, 293, 79 N. W. 172, 173:

"* * * [T]he proposition is unthinkable that an action for divorce may be commenced before there is any cause of action, and before it can be possibly known that there ever will be one."

Should the husband's action be reinstituted, it also follows that the con-

---

[2] "A civil action *is commenced* against each defendant when the summons is served upon him or is delivered to the proper officer for such service * * *." (Italics supplied.)

[3] Gerber v. Gerber, 241 Minn. 346, 64 N. W. (2d) 779; Warner v. Warner, 219 Minn. 59, 17 N. W. (2d) 58; State ex rel. Gravelle v. Rensch, 230 Minn. 160, 40 N. W. (2d) 881.

[4] Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668.

[5] Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236.

[6] Moravitz v. Moravitz, 205 Minn. 389, 285 N. W. 884.

clusion reached that the order is tantamount to a decree of separate maintenance should be regarded as without force or effect and the issue must be considered anew.

Accordingly, the order denying the wife's motion for amended findings or a new trial is reversed and the case remanded with directions to order a dismissal of the husband's action and, upon application of the wife, to determine whether additional attorney's fees should be allowed for services in prosecuting this appeal.

Reversed with directions.