872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Warren E. HARSHMAN, Plaintiff-Appellant,
v.
PETROLITE CORPORATION; Petrolite Corp. Disability Plan;
Petrolite Corporation Retirement Plan;
Defendants-Appellees.
 No. 87-4099.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Warren Eugene Harshman appeals from the district court's November 2, 1987 entry of final judgment dismissing his case brought pursuant to the Employee Retirement Income Security Act. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 On September 14, 1987, appellant Harshman filed a complaint in the instant case against his former employer, appellee Petrolite Corporation, and that company's disability and retirement plans in the United States District Court for the Northern District of Ohio. The complaint alleges violations of the Employee Retirement Income Security Act (ERISA) in denying appellant disability benefits allegedly due under the company's retirement plan.
 
 
 3
 A similar suit previously had been filed in the United States District Court for the Western District of Texas. That case, captioned "Warren E. Harshman, by his Guardian Ad Litem, Thomas C. Harshman v. Petrolite Corporation," had arisen from the same actions of Petrolite in denying Warren Harshman disability benefits. See Harshman v. Petrolite Corp., No. EP-82-CA-127 (W.D.Tx. Nov. 12, 1982), affirmed without opinion, No. 82-1628 (5th Cir. June 22), cert. denied, 464 U.S. 839 (1983). That case had been resolved by the grant of summary judgment in favor of Petrolite.
 
 
 4
 On October 14, 1987, appellees filed a motion to dismiss the instant case, arguing that this action is barred by the doctrine of res judicata. In opposition to appellees' motion to dismiss, Harshman filed an affidavit by his son Thomas, the guardian ad litem named as a party in the original case. Appellant also filed a receipt for the payment of filing fees in the Texas district court, which indicates that the fees were paid by Thomas Harshman.
 
 
 5
 On November 2, 1987, the district court granted appellees' motion to dismiss and entered judgment against Harshman based on res judicata. In a brief order, the district court held that identical claims had been litigated in the Texas district court.
 
 
 6
 Thereafter, on November 12, 1987, Harshman filed a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court denied this motion in an order filed December 4, 1987.
 
 
 7
 This appeal was filed on November 30, 1987, before the district court ruled on appellant's post-judgment motion. Appellant failed to file a separate notice of appeal from the district court's denial of his Rule 60(b) motion. Therefore, we have jurisdiction to review the district court's original judgment only. We must decide whether the district court properly held that this action is barred by the doctrine of res judicata.
 
 II.
 
 8
 "Ordinarily, res judicata is pleaded as an affirmative defense. However, where the substantive rights of parties are not endangered, it is within the discretion of the district court to permit it to be raised by motion." Diaz-Buxo v. Trias Monge, 593 F.2d 153, 154 (1st Cir.) (citation omitted), cert. denied, 444 U.S. 833 (1979). If, as in the instant case, matters outside the complaint are raised and not excluded by the court, Federal Rule of Civil Procedure 12(b) provides that the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56.
 
 
 9
 The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs initially under Rule 56(c). Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2716 (1983). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the District Court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." Gutierrez, 826 F.2d at 1536.
 
 
 10
 Res judicata generally refers to "all of the ways in which one judgment will have a binding effect on another." C. Wright, Law of Federal Courts Sec. 100A p. 680 (4th ed. 1983). The general rule of claim preclusion, one concept encompassed by res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. Id.
 
 
 11
 Claim preclusion applies 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' ... Restatement Second has taken a pragmatic approach that looks to the transaction from which the action arose. The claim extinguished 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose,' and what constitutes a 'transaction' or a 'series' is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'
 
 
 12
 Id. (footnotes omitted).
 
 
 13
 In the instant case, appellant does not argue that his claim does not arise from the same transaction or series of transactions out of which the original action in the Texas district court arose. Instead, appellant attempts to attack collaterally the judgment in the original Texas case. "Judicial actions must achieve a basic minimum quality to become eligible for res judicata effects. The traditional words used to describe this quality require that there be a judgment that is valid, final, and on the merits." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure Sec. 4427 p. 269 (1981). Appellant appears to be attacking the validity of the Texas judgment.
 
 
 14
 In this respect, the instant case is similar to New Mexico Veterans' Service Commission v. United Van Lines, Inc., 325 F.2d 548 (10th Cir.1963). In that case, appellant was the duly appointed guardian of Cleo Hawkins, whose injuries from a car-truck collision produced permanent total disability and total mental incompetency. Before the appellant's appointment as guardian, Hawkins's wife, presuming to be his guardian, brought suit in state court against United Van Lines, Inc., seeking, among other things, recovery for injury to Hawkins. Judgment was entered in accordance with a settlement agreement in that original action. When the appellant filed a second action, United Van Lines moved for summary judgment on the ground that the issues presented had been adjudicated in the previous action. The appellant argued that the judgment in the previous action was void for lack of jurisdiction because the wife was not the legally appointed guardian. The Tenth Circuit rejected this argument, noting that they were concerned with the sufficiency of the plea of res judicata rather than the validity of the guardian's appointment. The court reasoned as follows:
 
 
 15
 The jurisdiction of the United States District Court for the District of New Mexico over the parties and the subject matter of the suit brought by the wife as guardian is clear.... Errors in the appointment of the wife as guardian do not go to the jurisdiction of the court. The suit was for the benefit of the incompetent. Under Rule 17(c), F.R.Civ.P., if the incompetent does not have a duly appointed guardian, he may sue by his next friend or by a guardian ad litem. Rule 17(c) of the New Mexico Rules of Civil Procedure in all important respects is identical with federal Rule 17(c). In the first trial no one attacked the right of the wife to sue as guardian. If such an attack had been made and sustained, the court could have appointed a next friend or guardian ad litem to proceed with the suit.
 
 
 16
 We are concerned here with the rights of the incompetent--not with the rights of competing guardians. In the first suit and in this one the incompetent is the real party in interest. That identity is not destroyed by any defects in the appointment of the wife as guardian. Had those defects been called to the attention of the trial court they could have been remedied. Failure in this regard did not oust the court of jurisdiction. The judgment rendered in the first case is conclusive and bars this action.
 
 
 17
 Id. at 550 (footnotes omitted). Cf., Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 50 (9th Cir.1972) (holding that the question of a litigant's capacity to sue generally does not affect the district court's subject matter jurisdiction).
 
 
 18
 In the instant case, as in New Mexico Veterans' Service Commission, no defects in the appointment of the son as guardian ad litem were called to the attention of the Texas district court. Furthermore, there is no evidence that Thomas, the son, brought the initial action without his father's authorization. Thomas's affidavit, filed in the Texas action, brought forward copies of certain correspondence between Warren Harshman and appellee Petrolite, which he presumably would not have had access to if the suit had not been authorized by his father. Thomas Harshman's affidavit in this case, which focuses on his father's lack of involvement in the Texas litigation, is not contrary to our observation that the Texas litigation was probably authorized by appellant here.
 
 
 19
 For the foregoing reasons, the district court's judgment is AFFIRMED.